UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*Plaintiff(s)*

**Kenneth Danielson**

v.  Civil No: 1:20-cv-782

*Defendant(s)*  Jury Trial Demanded

**Tourist Village Motel, Inc.**

### CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, Kenneth Danielson, by and through his Attorneys, *Waystack Frizzell, Trial Lawyers*, and hereby states as follows:

### DECLARATION

### PARTIES AND JURISDICTION

1. Kenneth Danielson (hereinafter referred to as "Plaintiff") is a resident of the Town of Peacham, County of Caledonia, and the State of Vermont, with a mailing address of PO Box 35, Peacham, Vermont 05862.

2. Tourist Village Motel, Inc. (hereinafter referred to as "Defendant") was at all times relevant, a New Hampshire limited liability corporation. It owns the property at 144 Main Street in Gorham, New Hampshire (hereinafter referred to as "the premises"). The Defendant's mailing address is 60 Mason, Street, Berlin, New Hampshire 03570.

3. Plaintiff alleges an amount in controversy in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interests and costs.

1

4. This court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) and because there is complete diversity of citizenship between the Plaintiff and the Defendant.

**FACTUAL BACKGROUND**

5. The Plaintiff was residing as a tenant at an apartment at the property at 144 Main Street in Gorham, New Hampshire while working for his employer, Androscoggin Valley Hospital ("the hospital"). The hospital was paying the Defendant for the rental charges of the Plaintiff. In fact, the hospital was paying the rental charges of several physicians who would stay in different apartments at 144 Main Street in Gorham.

6. The Defendant was aware that it was renting apartments at this premises to physicians who were working at the hospital.

7. On January 11, 2018, at approximately 6:30 a.m. as Plaintiff was leaving the premises at 144 Main Street in Gorham to go on duty at the hospital, he slipped on one of the stairs which led from the front door of the premises to the ground level and fell on his back, injuring himself.

8. The four stairs that lead from the front door to the ground level had accumulated snow and ice. The snow and ice were not shoveled, nor were the stairs treated with ice melting products or sand.

9. As a result of his fall on the exterior stairs of the premises, the plaintiff was injured. His injuries included a tear of the rotator cuff tissue in his right shoulder.

10. Following surgery, the Plaintiff was unable to work for twenty-three (23) weeks and thus suffered significant loss of income. The Plaintiff is a surgeon and his average weekly wages/income were $8,000.00 per week.

### COUNT I - NEGLIGENCE

11. In a plea of the case, the previous paragraphs are re-alleged herein.

12. As property owner, the Defendant had a duty to properly maintain its premises in a reasonably safe condition, including removing unsafe accumulations of ice and snow from the stairways to access the property. In addition, the Defendant had a duty to apply sand and/or ice melting products to prevent falls from unsafe, icy and slippery surfaces. It also had a duty to provide a safe walkway so that those who occupied the premises, including the Plaintiff, could safely gain access and egress from the premises.

13. Yet, nevertheless, Defendant breached these duties to the Plaintiff, in that it failed to properly maintain its premises in a reasonably safe manner, failed to take appropriate steps to prevent the existence of unsafe, icy and slippery surfaces on the stairway, failed to use ice melting products and/or sand, failed to remove accumulated ice and snow, and otherwise failed to use due care in the maintenance of the property.

14. As a direct and proximate result of the negligence of the Defendant, as described above, the Plaintiff suffered painful injuries requiring surgery, incurred medical expenses, suffered significant lost income, and suffered other injuries and losses.

15. Said losses are all to the damage of the Plaintiff, as he says, in serious and substantial amounts.

16. Wherefore, the Plaintiff has been damaged and demands a trial by jury and an award of damages from Defendant.

Dated: July 17, 2020

Respectfully submitted,
Kenneth Danielson
By and through his Attorneys,
*Waystack Frizzell, Trial Lawyers*

By: /s/ Philip R. Waystack
Philip R. Waystack, Esquire
NH Bar # 2672
PO Box 137
Colebrook, NH 03576
(603) 237-8322
phil@waystackfrizzell.com

By: /s/ Rebecca A. Witmon
Rebecca A. Witmon, Esquire
NH Bar # 269539
PO Box 137
Colebrook, NH 03576
(603) 237-8322
rebecca@waystackfrizzell.com

4